IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : |
| | : CRIMINAL ACTION NO. 00-CR-00255-2 |
| v. | : CIVIL ACTION NO. 09-CV-5809 |
| | : |
| COSME FRANCISCO | : |

# **ORDER**

AND NOW, this 31st day of March 2010, upon consideration of the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Docket No. 102), and after review of the entire court file in the above-captioned case, the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 106), and Petitioner's Objections to the Report and Recommendation (Doc. Nos. 107 and 108), it is ORDERED that:

1.  The Report and Recommendation is APPROVED and ADOPTED;[1]

---

[1] On February 16, 2010, Petitioner filed Objections to the Report and Recommendation (Doc. No. 107). Then, on March 8, 2010, Petitioner filed an Amendment and Correction to his previously filed Objections (Doc. No. 108). In his Amended Objections, Petitioner acknowledges that he failed to file his habeas petition within the one-year statute of limitations period. However, Petitioner argues that the statute of limitations should be equitably tolled.

Equitable tolling of the one-year statute of limitations for 28 U.S.C. §§ 2254 and 2255 habeas petitions applies only where:

> [T]he "principles of equity would make [the] rigid application [of a limitation period] unfair." . . . Generally, this will occur when the petitioner has "in some extraordinary way . . . been prevented from asserting his or her rights." . . . The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." . . . Mere excusable neglect is not sufficient.

Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998).

In this case, Petitioner argues that the filing of his habeas petition was delayed because he was not in possession of the full transcript from the underlying criminal proceedings. Additionally, once he received a partial transcript, it was destroyed and/or lost when other inmates flooded the Special Housing Unit to which he was assigned. Petitioner urges that he has been diligent in seeking to obtain and replace the transcript of his proceedings and that his circumstance represents the type of extraordinary situation contemplated in Miller, 145 F.3d at 618.

The Court disagrees. Although Petitioner did file a motion requesting a free copy of the transcript and other records from his change of plea and sentencing hearings (Doc. No. 87), this request was made in January 2009, nearly seven months after Petitioner's sentencing. This request was made pursuant to Petitioner's attempt to file a notice of appeal to the Third Circuit. See U.S. v. Francisco, 2009 WL 2518506 (3d Cir. Aug. 19, 2009). Petitioner's request was denied by this Court, and the Third Circuit affirmed this denial. Id. ("While Francisco correctly states that an indigent defendant is entitled to a free trial transcript on appeal . . . Francisco did not file a direct appeal and the time to do so has expired."). In addition, the Court notes that Petitioner was able to, and did, file his habeas petition without the requested documents, demonstrating that they were not necessary to the filing of this motion.

In Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002), a petitioner asserted similar reasons for the application of equitable tolling to his habeas petition. Robinson argued that he was transferred to a new prison five weeks prior to the habeas filing deadline and that, at the time of this transfer, all of his legal papers were taken from him and never returned. Without those legal papers, he argued, he could not submit a timely petition. The Third Circuit found that equitable tolling was inappropriate in Robinson's case because "deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling." Id. at 143. Additionally, the Court noted that Robinson filed his habeas petition without the benefit of his legal papers, which suggested that they were not necessary for the filing of the petition. Id. at 142. Finally, the Court reasoned that Robinson was not working on his habeas petition prior to the removal of his papers, although there was adequate time to do so, and he did not seek to file a timely petition without the papers and then clarify it once he had access to his materials. Id. at 143.

In this case, Petitioner has failed to persuade the Court that equitable tolling is justified. Petitioner waited seven months to request free copies of documents from the underlying criminal proceedings. Morever, this request was made pursuant to an untimely direct appeal to the Third Circuit; it was not made pursuant to a request for habeas relief. Therefore, Petitioner has not established that he was diligent in pursuing this habeas petition. Additionally, the Court notes that Petitioner did have access to some or all of the documents he claims he needed for at least a period of time before they were destroyed by a flood in his cell, yet there is no reference or citation to any of the documents in the habeas petition filed by Petitioner. Thus, it appears that the documents were not necessary for Petitioner's filing of the instant habeas petition. Finally, as the Third Circuit suggested in Robinson, 313 F.3d at 143, Petitioner did not even seek to file a timely petition and then clarify it once he had access to his materials. Petitioner has simply failed to show any extraordinary circumstances which would justify application of the exceptional

2. The Motion is DISMISSED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; and

3. Defendant has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

equitable tolling rule announced in Miller, 145 F.3d 616.